NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0859-15T3

BIANCA KARTERON,

 Plaintiff-Appellant,

v.

NEW JERSEY DEPARTMENT OF HUMAN
SERVICES, OFFICE OF LICENSING and
STATE OF NEW JERSEY DEPARTMENT OF
LABOR AND WORKFORCE DEVELOPMENT,
ONE STOP CAREER CENTER,

 Defendants-Respondents.
——————————————————————————————————————

 Argued March 2, 2017 – Decided May 11, 2017

 Before Judges Hoffman and Whipple.

 On appeal from Superior Court of New Jersey,
 Law Division, Cumberland County, Docket No.
 L-0146-15.

 Bianca Karteron, appellant, argued the cause
 pro se.

 Jaclyn M. Frey, Deputy Attorney General,
 argued the cause for respondents (Christopher
 S. Porrino, Attorney General, attorney; Lisa
 A. Puglisi, Assistant Attorney General, of
 counsel; Akeel A. Qureshi, Deputy Attorney
 General, on the brief).

PER CURIAM
 Self-represented plaintiff Bianca Karteron appeals from two

Law Division orders entered on September 18, 2015, one granting

defendants' motion to dismiss plaintiff's complaint with prejudice

pursuant to Rule 4:6-2(e), and the other denying plaintiff's motion

to "have a trial." For the reasons that follow, we affirm.

 On March 2, 2015, plaintiff filed a complaint with the Law

Division, requesting judgment for damages against defendants,

Department of Human Services, Office of Licensing (Office of

Licensing), and Department of Labor and Workforce Development, One

Stop Career Center (One Stop). Although unclear from plaintiff's

complaint, she appeared to allege the Office of Licensing

improperly authorized her former employer, SODAT of New Jersey,

Inc. (SODAT), to operate without employment contracts between the

corporation and its employees. Plaintiff also alleged she has a

"bad reputation" and was unable to obtain new employment in her

field, presumably due to improper conduct by defendants. Plaintiff

also alleged One Stop failed to advertise information regarding

the Conscientious Employee Protection Act (CEPA), and One Stop

personnel failed to inform her of this law.1

 On July 27, 2015, defendants filed the motion to dismiss

under review. Defendants interpreted plaintiff's allegations as

1 Plaintiff appears to have redacted or altered portions of her
complaint in her appendix on appeal.
 2 A-0859-15T3
consisting of "tort claims and civil rights violations against the

State Defendants in relation to their purported inaction with

regards to alleged grievances [plaintiff] had against her former

employer, [SODAT]." Defendants presented four arguments in

support of their motion to dismiss: they were entitled to sovereign

immunity; they were not "persons" amenable to suit under the New

Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2, and the Federal

Civil Rights Act, 42 U.S.C.A. § 1983; plaintiff failed to file

notice of her tort claims under the New Jersey Tort Claims Act,

N.J.S.A. 59:1-1 to 12-3; and plaintiff failed to state a claim

upon which relief could be granted.

 Plaintiff filed opposition to defendants' motion on July 31,

2015. On August 26, 2015, she filed a motion to "have a trial."

Plaintiff detailed her claims, alleging, in part, "The Labor Law[]

Conscientious Employment Act was avoided in [plaintiff's] firing."

 On September 18, 2015, following oral argument, Judge Richard

J. Geiger rendered an oral opinion, dismissing plaintiff's

complaint with prejudice. Judge Geiger's opinion fully explained

his reasons for granting defendants' motion:

 With regard to any allegations of
 negligence or negligent supervision, those
 claims would fall within the New Jersey Tort
 Claims Act[,] which has a clear requirement
 that a Claimant must provide a timely Notice
 of Tort Claim to the State in order to
 ultimately proceed in a lawsuit against the
 State under that statute.
 3 A-0859-15T3
 Here[,] no Tort Claim Notice was given.
At best, the last incident would have occurred
in July 2014. We're now [fourteen] months
past that date. The law is clear under the
statute that the maximum extension that could
be given to a Claimant for filing a late Tort
Claim Notice is within one year of the accrual
of the action.

 Normally, it must be filed within
[ninety] days. And if filing late, you have
to seek approval of the Court and show
extraordinary circumstances.

 Here[,] we're beyond the one-year maximum
time period, well beyond it. No Tort Claim
Notice has been given. No extraordinary
circumstances have been shown in any event.
And, therefore, under the terms of the Tort
Claims Act, all claims for negligence,
negligent supervision[,] or under other claims
that would be brought under the Tort Claims
Act are barred.

 Secondly, the State argues that it is
entitled to sovereign immunity with respect
to the State and its agencies, that the State
is the real party in interest in this matter,
that the Defendant agencies are clearly an arm
of the State, are State entities, and that any
judgment against those Defendant agencies
would be paid from the fiscal resources or
Treasury of the State. And, therefore,
immunity exists from Federal claims.

 The court agrees, the case law is clear.

 Third, the State argues that the State
agencies are not, quote, "persons," end quote,
amenable to suit under Section 1983 of the
Federal Civil Rights Act, or under the New
Jersey Civil Rights Act, which is modeled
after Section 1983.

 The State and State officials and State
agencies, and particularly State officials
 4 A-0859-15T3
acting within their official capacities are
clearly under the case law not persons
amenable to suit within the meaning of Section
1983 or the New Jersey Civil Rights Act.

 And, therefore, dismissal with prejudice
is appropriate as to the [d]efendants under
both Section 1983 or the New Jersey Civil
Rights Act.

 The fourth ground asserted by the
[defendants] is that the Complaint fails to
allege within its four corners a cause of
action against the Defendants.

 I quite agree. I understand that
[plaintiff] is not an attorney, and the Court
looks perhaps . . . less strictly upon pro se
Complaints. But with all due respect, the
Complaint simply doesn't set out a cause of
action, and you can't even glean one from
what's set forth. It's very difficult to
understand. It's not really coherent. And
it doesn't set forth a viable cause of action.

 . . . .

 This is a situation where [plaintiff] was
an employee of [SODAT], which is a contractor
that provides addiction, substance abuse
therapies[,] and counseling, et cetera, to
people with those needs. She wasn't a State
employee.

 It may be that she either waived, signed
away, agreed not to sue [SODAT]. Fine. That
doesn't create liability on the part of these
[d]efendants. Moreover, any allegation that
somehow the One-Stop Career Center failed to
advise her of her potential CEPA claims or
didn't have literature available explaining
those claims['] rights under CEPA, that
doesn't state a cause of action, even if the
Complaint had said it.

 5 A-0859-15T3
 And moreover, the fact that she may not
 have had a written Employment Contract with
 her employer, [SODAT], doesn't create
 liability on the part of the Office of
 Licensing.

 This appeal followed. "On appeal, we apply a plenary standard

of review from a trial court's decision to grant a motion to

dismiss pursuant to Rule 4:6-2(e)." Rezem Family Assocs., LP v.

Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div.), certif.

denied, 208 N.J. 366, 368 (2011). "[W]e owe no special deference

to a trial judge's legal interpretations in deciding any motion."

Giannakopoulos v. Mid State Mall, 438 N.J. Super. 595, 600 (App.

Div. 2014), certif. denied, 221 N.J. 492 (2015).

 "In reviewing a complaint dismissed under Rule 4:6-2(e) our

inquiry is limited to examining the legal sufficiency of the facts

alleged on the face of the complaint." Printing Mart-Morristown

v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). "The essential

test is simply 'whether a cause of action is "suggested" by the

facts.'" Green v. Morgan Props., 215 N.J. 431, 451 (2013) (quoting

Printing Mart-Morristown, supra, 116 N.J. at 746)). Reviewing

courts must "search[] the complaint in depth and with liberality

to ascertain whether the fundament of a cause of action may be

gleaned even from an obscure statement of claim, opportunity being

given to amend if necessary." Printing Mart-Morristown, supra,

 6 A-0859-15T3
116 N.J. at 746 (quoting Di Cristofaro v. Laurel Grove Memorial

Park, 43 N.J. Super. 244, 252 (App. Div. 1957)).

 Applying this standard of review, following our review of

plaintiff's arguments in light of the record and applicable law,

we affirm the Law Division's orders substantially for the reasons

set forth in Judge Geiger's comprehensive and well-reasoned oral

opinion.

 Any argument raised by plaintiff not explicitly addressed in

this opinion lacks sufficient merit to warrant discussion in a

written opinion. R. 2:11-3(e)(1)(E).

 Affirmed.

 7 A-0859-15T3